# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH HENRY GRYGA, : | CIVIL ACTION |
| Plaintiff, : | |
| : | |
| v. : | No. 2:10-cv-77 |
| : | |
| MONTGOMERY COUNTY CORRECTIONAL : | |
| FACILITY, : | |
| Defendant. : | |

## MEMORANDUM OPINION

**Goldberg, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　April 28, 2010

Before the Court is Defendant's, Montgomery County Correctional Facility (hereinafter "MCCF"), motion to dismiss. For the reasons discussed below, the motion will be granted.

## I. BACKGROUND

Plaintiff, Keith Gryga, a pro se litigant has filed a §1983 action against MCCF. Plaintiff's complaint alleges that his civil rights were violated while he was incarcerated at MCCF in that: (1) he was housed in a cell with 40 inmates and one toilet; (2) he was locked in a cell with 16 others with no bathroom; (3) he was placed in a four man cell; (4) he was placed in temporary housing in the gym with 52 other inmates with one toilet to share; and (5) he got a staph infection in his right ear which was treated with antibiotics, between September 4, 2009, and January 5, 2010. See Compl. §§ III-IV.

On April 1, 2010, the MCCF moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). To date, Plaintiff has failed to respond. Because the Plaintiff is appearing pro se and the Third Circuit has cautioned against granting motions to dismiss as unopposed without

analyzing "whether the complaint failed to state a claim upon which relief could be granted," the Court will conduct a merit analysis on the motion. Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

## II. LEGAL STANDARD

When considering a motion to dismiss, the Court must assume the veracity of well-pleaded factual allegations, construe them in a light most favorable to the Plaintiff, and "then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (reaffirming Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The Court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). Here, the Court will also liberally construe the complaint because the Plaintiff is pro se. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. DISCUSSION

Plaintiff has sued MCCF, an agency of Montgomery County. Federal Rule of Civil Procedure 17(b) states that:

> capacity to sue or be sued is determined as follows: (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile; (2) for a corporation, by the law under which it was organized; and (3) for all other parties, by the law of the state where the court is located . . . .

FED.R.CIV.P. 17(b). Several Judges in this Court have previously held that county prisons are agencies of the applicable county and therefore, fall within the third category of entities enumerated in Rule 17(b). Gosner v. Abington Police Dep't., No. 05-1007, 2006 WL 263634, at * 3, n. 11 (E.D.Pa. Feb. 1, 2006); Duvall v. Borough of Oxford, No. 90-629, 1992 WL 59163, at * 2 (E.D.Pa.

2

Mar. 19, 1992); Wiggins v. Montgomery County Corr. Facility, No. 87-6992, 1987 WL 14721, at * 1 (E.D.Pa. Nov. 16, 1987).

In Pennsylvania, the capacity of a county or its agencies to be sued is governed by 16 PA. STAT. ANN. § 3202(2). Courts have found that MCCF is not a separate legal entity subject to suit as a "person" within the meaning of 42 U.S.C. §1983. Gosner, 2006 WL 263634, at * 3, n. 11; Wiggins, 1987 WL 14721, at * 1. Plaintiff's complaint lists only MCCF as the named Defendant. However, as we must liberally construe the complaint in a light most favorable to Plaintiff, we will assume that Plaintiff intended to name Montgomery County and the complaint shall be amended to reflect this substitution. See Gosner, 2006 WL 263634, at * 3, n. 11.

Nonetheless, Montgomery County is only liable under §1983 when Plaintiff demonstrates "that the municipality itself, through the implementation of a municipal policy or custom, cause[d] a constitutional violation." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1027 (3d Cir. 1991); (citing Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 691-95 (1978)). The policy or custom itself must violate the Constitution, or be a "moving force" behind the unconstitutional tort of a municipal employee, in order for the municipality to be held liable. Id. (citing Polk County v. Dodson, 454 U.S. 312 (1981)). As Plaintiff does not allege that the County implemented any customs or policies that caused the conditions at issue, the claims against Montgomery County must be dismissed.

Even if Plaintiff had pled that a policy or custom of Montgomery County violated his constitutional rights, Plaintiff's complaint fails to set forth a claim upon which relief can be granted. Plaintiff presents a series of grievances but does not specifically refer to any federal or constitutional right that was allegedly violated. A liberal reading of the complaint could reflect that Plaintiff is

3

pleading a violation of his Eighth Amendment rights as a convicted prisoner.[1] Under the Eighth Amendment, "extreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses to society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations omitted). The Court must examine the totality of the circumstances as it relates to the prison living conditions and must consider factors such as the length of confinement, the amount of time spent in the cell each day, the opportunities for activities outside the cell, the functioning of basic physical facilities, food, medical care, sanitation, control of vermin, lighting, heating, ventilation, noise level, bedding, furniture, education and rehabilitation programs, and safety and security. Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990).

Here, Plaintiff generally complains about the number of inmates with whom he was housed and the number of inmates sharing bathroom facilities. Plaintiff does not address any other facts upon which we can rely in considering the totality of the circumstances related to the prison living conditions. Notably, Plaintiff never alleges that he was denied access to bathroom facilities or that he was deprived of life's necessities (i.e. food and water or a sufficient place to sleep). Even construing Plaintiff's allegations as true, Plaintiff has pled facts which might suggest an uncomfortable situation, but he simply has not pled facts which demonstrate "extreme deprivations of life's necessities." See, e.g., Siletti v. Ocean County Dep't of Corr., No. 06-3731, 2006 WL 2385124, at * 3-4 (D.N.J. Aug. 17, 2006) (sleeping on the floor five feet from the toilet for four and

---

[1] We note that Plaintiff's term of incarceration ended on January 5, 2010. (Def. Memo., p. 2.)

a half months failed to state an Eighth Amendment claim).

## IV. CONCLUSION

The complaint is dismissed against Montgomery County Correctional Facility/Montgomery County for failure to set forth sufficient facts to establish a claim for relief. Because the Court cannot determine at this time whether amendment would be futile, the Court will dismiss the claims without prejudice so that the Plaintiff may, if he can do so responsibly, amend his pleadings to cure its deficiencies. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

Our Order follows.